IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Miami Division

**MICHAEL CARUSO & CO., INC.,**

    Plaintiff,

v.

CIVIL ACTION NO. 97-2993-CIV-KING
MAGISTRATE JUDGE TURNOFF

**ESTEFAN ENTERPRISES, INC.** and
**BONGOS CUBAN CAFE INC.,**

    Defendants.

_____/

### PLAINTIFF'S MOTION *IN LIMINE* FOR EXCLUSION OF DEFENDANTS' SURVEY EVIDENCE AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT THEREOF

    Pursuant to the provisions of Rule 403, Fed.R.E., Plaintiff, Michael Caruso & Co., Inc., hereby moves this Court for the entry of an Order prohibiting Defendants from making any presentation or reference to their survey evidence during the January 9, 1998 Preliminary Injunction Hearing.

### MEMORANDUM OF LAW

    On October 1, 1997, Plaintiff filed and served its Motion for Preliminary Injunction. On October 16, 1997, the parties filed their JOINT MOTION TO SET DISCOVERY AND BRIEFING SCHEDULE IN CONNECTION WITH PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION, in which the parties specifically agreed as follows:

> The parties agree that Defendants shall not use Caruso's agreement to the foregoing proposed schedule against Caruso in connection with their defense of this litigation. In particular, Defendants agree not to argue that any of the preliminary injunction factors, such as irreparable harm or balancing of hardships, are affected by any delay in resolution of Plaintiff's Motion for Preliminary Injunction brought about by Caruso's agreement to the foregoing proposed schedule.

[JOINT MOTION TO SET DISCOVERY AND BRIEFING SCHEDULE IN CONNECTION WITH PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION, ¶ 6]. Through this provision, Defendants agreed not to argue that any of the preliminary injunction factors are affected by the three-plus months spanning between the October 1, 1997 filing of the preliminary injunction motion and the



Civil Acti   No. 97-2993-Civ-King
Magistrate Judge Turnoff

January 9, 1998 hearing. On November 20, 1997, the Court entered an Order granting the parties' motion.

Among the preliminary injunction factors is Plaintiff's likelihood of success on the merits. To satisfy this factor, Plaintiff must prove it is likely to succeed in proving a likelihood of confusion resulting from Defendants' adoption and use of "BONGOS CUBAN CAFE" to identify their restaurant and bar, clothing merchandise, and souvenir items. As thoroughly briefed in the parties' memoranda of law in connection with the preliminary injunction motion, one of the factors examined in determining a likelihood of confusion is actual confusion.

Through their attempted submission of argument regarding the lack of actual confusion, as evidenced by their alleged survey expert[1], Defendants have violated their agreement not to use the period of time subsequent to Plaintiff's filing of the preliminary injunction motion against Plaintiff. According to the testimony of Defendants' alleged survey expert, he was first contacted by defense counsel in the third week of November, was retained in mid-December, conducted his survey from December 27-29, and reported the results of his survey on January 5. Defendants did not identify their alleged survey expert to Plaintiff until December 30. All of this activity is obviously subsequent to the October 1 filing date of Plaintiff's preliminary injunction motion. For this reason alone, namely Defendants' blatant violation of the agreement set forth in a motion and approved in a subsequent Order of this Court justifies exclusion of any evidence Defendants wish to proffer concerning their alleged survey expert.

Furthermore, Rule 403 of the Federal Rules of Evidence provides as follows:

Rule 403. Exclusion of Relevant Evidence on Grounds of Prejudice, Confusion or Waste of Time.

Although, relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading of the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Defendants' survey should also be excluded from evidence because it confuses the issues before the Court on Plaintiff's preliminary injunction motion, to the unfair prejudice of Plaintiff. As set forth in Plaintiff's reply memorandum, the Court's inquiry in determining the existence of likelihood of confusion must focus upon actual and potential customers of both Defendants and Plaintiff, not merely on "visitors" to Defendants' premises:

---

[1] Plaintiff refers to Defendants' survey expert in this manner because Plaintiff spectficially objected to his expert qualifications during his deposition, the witness having never previously conducted a likelihood of confusion survey in an infringement setting.

2

Civil Act. No. 97-2993-Civ-King
Magistrate Judge Turnoff

> class of **customers and potential customers**. Those customers may be consumers, professional purchasers or wholesalers or retailers. . . .
> The probable confusion of the **senior user's customers should also be considered**. The Second Circuit said it was error for the district court only to consider likely confusion of the junior user, a fur retailer in Chicago. The court should also have considered the possibility that retail customers of the senior user, a designer and wholesaler of fur garments, would mistakenly believe that their supplier had gone into the retail end of the business and was now competing with them. . . .
> In 1962 **Congress struck out language in the Lanham Act which required confusion, mistake or deception of "purchasers as to the source of origin of such goods and services."** Several courts have noted this expansion of the test of infringement and held that it supports a finding of infringement when even non-purchasers are deceived. . . .

MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION ("MCCARTHY") (4th ed. 1997), §§ 23:05-07 (emphasis added). In formulating his survey, Defendants' alleged expert admittedly inquired of ONLY Defendants' customers, notwithstanding his understanding of and agreement with Plaintiff's position on this issue:

Q. What is your understanding, from a legal perspective, of which consumers' perceptions are relevent in determining the likelihood of confusion?
MR. RODRIGUEZ:   OBJECTION TO FORM.
A. **Both consumers, consumers of the plaintiff and consumers of defendants.**
. . .
Q. Why did you elect to conduct a marketing survey of customers at BONGOS CUBAN CAFE?
A. I thought the main issue here was whether customers, consumers of BONGOS CUBAN CAFE are confused with your client's brand, and this was a very important part of the analysis and that is why we conducted it.
Q. But you have previously testified this morning that customers of other than BONGOS CUBAN CAFE are relevant in determining likelihood of confusion, correct?
A. Yeah, that is correct.

[Deposition of Dan Sarel, p. 19, ll. 9-14; p. 75, ll. 14-25 (emphasis added)][2]. Thus, by his own admission, Defendants' alleged survey expert conducted his survey with an incomplete, and therefore flawed, universe. Accordingly, Defendants' survey evidence is likely to confuse the issues before the Court on Plaintiff's preliminary injunction motion, as such evidence presents an incomplete portrait on the issue of likelihood of confusion. An appropriate survey must be directed to actual and potential customers of both parties, not just Defendants. As Defendants survey was

---

[2] Plaintiff has filed the original version of this deposition transcript with the Court, in order to preserve Plaintiff's ability to utilize the deposition testimony in its cross-examination of the witness, should the Court decide to permit him to testify at the hearing.

LOTT & FRIEDLAND, P.A. • 255 Alhambra Circle • Suite 555 • Coral Gables, Florida 33134
(305) 448-7089 • (305) 446-6191 telecopier

Civil Act. No. 97-2993-Civ-King
Magistrate Judge Turnoff

directed to only Defendants' customers, any information associated therewith prejudices Plaintiff's position by confusing the Court with respect to the issue of likelihood of confusion. Accordingly, the Court should, pursuant to Rule 403, Fed.R.E., exclude Defendants' survey and any testimony associated therewith. The probative value of Defendants' survey is non-existent, as Defendants' own alleged expert admits that his universe is incomplete, whereas the potential prejudice to Plaintiff should the Court consider the admittedly flawed survey is great.

Based on the foregoing, Plaintiff respectfully requests that the Court **GRANT** this Motion and enter an Order excluding Defendants' survey evidence, including without limitation the testimony of Dan Sarel and his survey report.

Date: **January 8, 1998**

Respectfully submitted,

LOTT & FRIEDLAND, P.A.

By: Leslie J. Lott
Florida Bar No. 182196
David K. Friedland
Florida Bar No. 833479
255 Alhambra Circle
Suite 555 (zip code: 33134)
Post Office Drawer 141098
Coral Gables, Florida 33114
(305) 448-7089
(305) 446-6191 telecopier

**Of Counsel:**
Gary S. Phillips
California Bar No. 072250
9777 Wilshire Boulevard
Suite 805
Beverly Hills, California 90064
(310) 278-9787
(310) 278-4805 telecopier

Attorneys for Plaintiff

4

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

MICHAEL CARUSO & CO., INC. )
)
Plaintiff, )
)
v. )  CIVIL ACTION NO. 97-2993-CIV-KING
)  MAGISTRATE JUDGE TURNOFF
ESTEFAN ENTERPRISES, INC. and )
BONGOS CUBAN CAFE, INC., )
)
Defendants. )
_____)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that copies of the foregoing **PLAINTIFF'S MOTION IN LIMINE FOR EXCLUSION OF DEFENDANTS' SURVEY EVIDENCE AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT THEREOF** are being served upon Defendants Estefan Enterprises, Inc. and Bongos Cuban Cafe, Inc. by delivering true and correct copies of same to counsel for Defendants, as follows:

> Wilfredo A. Rodriguez, Esq.
> Holland & Knight
> 701 Brickell Avenue
> 30th Floor
> Miami, Florida 33131

and

> Leslie S. Spitalney, Esq.
> HOLLAND & KNIGHT
> 2100 Pennsylvania Avenue, N.W.
> Suite 400
> Washington, D.C. 20037

via telecopier and United States First Class Mail, in a postage-paid envelope, on **January 8, 1998**.

_____
**DAVID K. FRIEDLAND**