NIGHT BOX
FILED

JAN 2 0 1998

CARLOS JUENKE
CLERK, USDC / SDFL / MIA

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Miami Division

MICHAEL CARUSO & CO., INC.

    Plaintiff,

v.

CIVIL ACTION NO. 97-2993-CIV-KING
MAGISTRATE JUDGE TURNOFF

ESTEFAN ENTERPRISES, INC. and
BONGOS CUBAN CAFE INC.,

    Defendants.
_____/

### SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

Pursuant to the Court's suggestion, announced at the conclusion of the evidentiary hearing on Plaintiff's Motion for Preliminary Injunction, Plaintiff, Michael Caruso & Co., Inc., hereby supplements the record in support of Plaintiff's Motion For Preliminary Injunction.

As discussed in Plaintiff's memoranda of law and in closing arguments, Plaintiff faces irreparable harm arising out of Defendants' use of "BONGOS CUBAN CAFE". This case will very quickly deteriorate into a reverse confusion case, given the fame of the Estefans and Defendants' association with Walt Disney World, in the event the Court does not preliminary enjoin Defendants' infringing conduct. Avoidance of a reverse confusion situation is a compelling reason for the Court to find that Plaintiff faces irreparable injury if Defendants' use of "Bongos Cuban Cafe" is not enjoined.

Reverse confusion results when a large junior user, such as the instant Defendants in conjunction with Disney, saturates the market with a trademark similar or identical to that of a smaller senior user. J.T. McCarthy, *Trademarks and Unfair Competition* (4th ed. 1997) § 23:10. In such a situation the senior user is injured because



> [t]he public comes to assume that the senior user's products are really the junior user's or that the forum has become somehow connected to the latter. The result is that the senior user loses the value of the trademark -- its product identity, corporate identity, control over its goodwill and reputation, and ability to more into new markets.

<u>Sands Taylor & Wood v. Quaker Oats</u>, 978 F.2d 947 (7th Cir. 1992); <u>Ameritech, Inc. v. American Information Technologies Corp.</u>, 811 F.2d 960, 964 (6th Cir. 1987); <u>Big O Dealers v. Goodyear Tire and Rubber Co.</u>, 561 F.2d 1365, 1372 (10th Cir. 1977).

Events occurring subsequent to the January 12, 1998 closing arguments support the undeniable conclusion that reverse confusion is occurring, and will continue to occur, if Defendants' conduct is allowed to continue. As stated in the affidavit of Helena Ortega ("Ortega Affidavit"), attached hereto as Exhibit A, during the week of January 12, 1998, not only has the public become aware of this lawsuit but the public has actively participated in addressing the issues to be determined by the Court. Throughout the week of January 12, 1998, local radio station Y-100, based in Fort Lauderdale, began to broadcast its "protest" against Plaintiff's initiation of this action.[1] Due to the close relationship between the Estefans and Y-100[2], the radio station has urged listeners to boycott Plaintiff's clothing products and has conduct live, on-the-air "burnings" of Plaintiff's clothing products, in order to prove its point that it can distinguish "lunch from jeans". In connection with its protest, Y-100 broadcast Plaintiff's California business number and urged its listeners to call Plaintiff's warehouse in California to complain about the initiation of this action. [Ortega Affidavit, ¶ 2]. Additionally, concerned listeners of Y-100 sent messages to BONGO at its Internet web site. [Ortega Affidavit, ¶¶ 2-3, Exhibits A & B]. Due to this exposure, Plaintiff's retail buyers have contacted Plaintiff regarding the negative publicity surrounding this lawsuit. [Ortega Affidavit, ¶¶ 2-3]. A buyer from Burdines contacted Plaintiff regarding the negative

---

[1] Plaintiff has caused a subpoena to be served upon the parent company of Y-100, seeking audio tapes and other documentation associated with or otherwise related to Y-100's broadcasts of information related to this dispute. This information is scheduled to be produced on Wednesday, January 21, 1998 and will be provided to the Court as soon as copies are available.

[2] Frank Amadeo, Vice-President of Estefan Enterprises, Inc., formerly served as general manager of Y-100.

2

Civil Action No. 97-2993-Civ-King
Magistrate Judge Turnoff

publicity and "boycott" related broadcasts aired on Y-100. [Ortega Affidavit, ¶ 3]. As a result of this publicity, none of which mentions the fact that Defendants operate a retail clothing store adjacent their restaurant/bar, Defendants have come to be seen as the innocent victims, while Plaintiff, the truly damaged party, has come to be seen as the villain. This situation represents the essence of reverse confusion, where the public comes to see the senior user as the wrongdoer.

Plaintiff, as a result of Defendants' conduct, faces the real possibility of losing control of both its reputation and the goodwill associated with its federally-registered BONGO family of trademarks. As submitted in Brian Kail's affidavit, Florida represents the largest share of Plaintiff's sales throughout the United States. Given the negative publicity, Plaintiff has already been irreparably harmed by Defendants' infringing use of the BONGO family of trademarks.

Based on the foregoing, Plaintiff reiterates its position that it will suffer irreparable harm, incorporating herein by reference the positions adopted in its prior memoranda of law and at the January 9-12 evidentiary hearing. Based on all the evidence before the Court, Plaintiff respectfully requests that the Court GRANT Plaintiff's Motion for Preliminary Injunction and preliminary enjoin Defendants' infringing activities.

Date: **January 20, 1998**

Respectfully submitted,

LOTT & FRIEDLAND, P.A.

By: _____
Leslie J. Lott
Florida Bar No. 182196
David K. Friedland
Florida Bar No. 833479
255 Alhambra Circle
Suite 555 (zip code: 33134)
Post Office Drawer 141098
Coral Gables, Florida 33114
(305) 448-7089
(305) 446-6191 telecopier

Attorneys for Plaintiff

**Of Counsel:**
Gary S. Phillips
California Bar No. 072250
9777 Wilshire Boulevard
Suite 805
Beverly Hills, California 90064
(310) 278-9787
(310) 278-4805 telecopier

3

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| MICHAEL CARUSO & CO., INC. | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 97-2993-CIV-KING |
| | ) MAGISTRATE JUDGE TURNOFF |
| ESTEFAN ENTERPRISES, INC. and BONGOS CUBAN CAFE, INC., | ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that copies of the foregoing **SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** are being served upon Defendants Estefan Enterprises, Inc. and Bongos Cuban Cafe, Inc. by delivering true and correct copies of same to counsel for Defendants, as follows:

> Wilfredo A. Rodriguez, Esq.
> Holland & Knight
> 701 Brickell Avenue
> 30th Floor
> Miami, Florida 33131

and

> Leslie S. Spitalney, Esq.
> HOLLAND & KNIGHT
> 2100 Pennsylvania Avenue, N.W.
> Suite 400
> Washington, D.C. 20037

via United States First Class Mail, in a postage-paid envelope, on **January 20, 1998**.

*David K. Friedland* (signature)

DAVID K. FRIEDLAND

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

| | |
|---|---|
| **MICHAEL CARUSO & CO., INC.** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 97-2993-Civ-King |
| ) | Magistrate Judge Turnoff |
| **ESTEFAN ENTERPRISES, INC.** and ) | |
| **BONGOS CUBAN CAFE, INC.,** ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

STATE OF CALIFORNIA   )
                     )
COUNTY OF LOS ANGELES )

## AFFIDAVIT OF HELENA ORTEGA

Before me, the undersigned authority, personally appeared HELENA ORTEGA, who being known to me and being duly sworn, deposes and says as follows:

1. My name is HELENA ORTEGA. I am the Distribution Director for plaintiff **MICHAEL CARUSO & CO., INC.** ("BONGO"), responsible for shipping BONGO goods to its customers. The matters to which I hereafter depose are within my personal knowledge or are matters on which I have informed myself from the regularly maintained records of Caruso, except where stated to be on information and belief.

2. In the early morning of Tuesday, January 13, 1998, while I was the only person present at BONGO's warehouse in Vernon, California, I received a call from a woman named Becky from Royal International, the Miami, Florida freight forwarder used by BONGO's Latin American distributor, Casel Enterprises, Inc. Becky told me that a

radio station in Miami, Y100, had given out BONGO's phone number urging people to call in protest of the lawsuit pending between BONGO and Gloria Estefan. About 10 minutes later, BONGO started receiving calls from Miami, about twenty calls in all. Most of the callers asked why BONGO was suing Gloria Estefan, and one caller called us a dirty name. In each instance, all I said was that "BONGO has no comment while the case is pending," and thanked the caller for his or her call. Also on January 13, we received a e-mail message from "Big-Red" commenting on the lawsuit, a true and correct copy of which is attached hereto as Exhibit A and incorporated hereat by this reference.

3. Later in the day, we received a call from the buyer from one of our Florida accounts, Motograb, who told us that the BONGO case against BONGO's Cuban Cafe was getting a great deal of publicity in Miami. The following day, January 14, we received another e-mail message from "Hesperos" also commenting on the lawsuit. a true and correct copy of which is attached hereto as Exhibit B and incorporated hereat by this reference. Yesterday morning, we received a call from a buyer at Burdines in Miami who stated that she was hearing the BONGO name all over the radio, with people calling in to the radio station telling others to boycott stores that carry BONGO clothes.

**FURTHER AFFIANT SAYETH NAUGHT**

_Helena Ortega_
Helena Ortega

SWORN TO AND SUBSCRIBED before me this ___16th___ day of January, 1998, at Vernon, California.



_(signature)_
(signature of notary public)

C T VILORIA
Commission #1094537
Notary Public — California
Los Angeles County
My Comm. Expires Apr 14, 2000

**Subject: BONGOS CUBAN CAFE**
**Date:** Tue, 13 Jan 1998 23:19:44 -0500
**From:** Big-Red <barley@severnapark.com>
**To:** "'bigliz@bongojeans.com'" <bigliz@bongojeans.com>

Dear Liz,

Sorry for the intrusion to your design department.  However, yours is the first EMail address that I could find at Bongo.  Please forward to your management.

I've been advised that your company is suing Estefan Enterprises over their naming of Bongo's Cuban Café and it being a copyright infringement.  Come on now!  Is Bongo Jeans so flush that they can afford such piddling action?  Or is it that the legal beagles on retainer don't have anything else to do?  You should be aware that the Estefans have millions of fans throughout the world, some of which are threatening boycotts and burning of Bongo Jeans.

Have a nice day!

RP

**Subject: Suit Against Gloria Estefan**
**Date:** Wed, 14 Jan 1998 10:27:58 -0500 (EST)
**From:** hesperos@clark.net
**To:** bigliz@bongojeans.com

```
You people have to be crazy to sue Gloria Estefan.
I will never buy your jeans again as a result, and
I will also advise all of my friends to do the same.
I am also contacting Sears and asking them to drop
your product line.

Sincerely,

Hesperos
```